ANDREW HOLMES

v.

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

EXTRADICTION—*expenses of messenger.* The court reviews the evidence and holds that, while it would not be justified in making an award, still it recommends that the Legislature make an appropriation to claimant covering the amount of this claim.

Frank J. Snite, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant a police officer of Chicago, Illinois, was detailed by his superior officer to go to New Haven, Connecticut, to arrest and bring back, one Lillian Smith, alias Lillian Stewart, who was under indictment by the Grand Jury of Cook County, Illinois. A requisition was procured from the Governor of Illinois upon the Governor of Connecticut for the return of the prisoner. Claimant went to New Haven and upon his arrival there found the said Lillian Smith to be in a very bad physical condition and for that reason it was deemed advisable to return her to Chicago at once without waiting for the warrant to come from the Governor.

The prisoner consented to go without the warrant, and the police officer in New Haven informed claimant, that they would forward the Governor's warrant to him at Chicago, as soon as it came to them.

For some reason the warrant from the Governor of Connecticut authorizing the return of the prisoner to Illinois, has never been located, although the files in this case disclose that the requisition from the Governor of Illinois was received and accepted and that a warrant issued in accordance therewith. Not having received the warrant in question, claimant has been unable to secure from the State the money he expended in making this trip, amounting to $160.12. The warrant is the only authority he had for removing the fugitive to this State, and without it, he is not in a position to establish his claim against the State for expenses incurred by him.

We recognize the necessity of officers complying with the law before they can recover from the State for services rendered. However, we feel that in this case claimant made an honest endeavor to comply with the law and he accomplished as much as if he had secured the warrant. The money expended by him in returning the fugitive was expended for the benefit of the State, and as a matter of equity, claimant should be reimbursed.

While the defense interposed in this case estops us from making an award to claimant, still we are of the opinion that claimant is entitled to the amount paid by him for and on behalf of the State and we recommend that the Legislature make an appropriation to him in the sum of $160.12.